IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Mark Kirby, *individually and on behalf of the Estate of Jane Kirby*, | ) ) ) | Case No. 3:25-cv-03435-JDA |
| Plaintiff, | ) ) | |
| v. | ) ) | **OPINION AND ORDER** |
| South Carolina State Accident Fund, *Et Al.*, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on Defendant's motion to dismiss and Plaintiff's motion to amend the Complaint.  [Docs. 4; 17.]  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

On May 15, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the Court grant Defendant's motion to dismiss, dismiss Plaintiff's Complaint with prejudice, and warn Plaintiff that future attempts to bring a case based on the same facts may result in sanctions for abuse of process.  [Doc. 12.]  The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so.  [*Id.* at 12.] Plaintiff filed objections to the Report on May 19, 2025, and Defendant filed a reply to Plaintiff's objections on June 2, 2025.  [Docs. 15; 18.]

On May 23, 2025, Plaintiff filed two documents: one entitled "Notification of Voluntary Deletion of all Federal-Law Claims Related to this Case" and another entitled "[Amended] State Claim Related to the Removal of the State Case."  [Docs. 16; 17.]

Because the time for Plaintiff to amend his Complaint as a matter of course had expired by the time he filed these documents, *see* Fed. R. Civ. P. 15(a)(1), the Clerk filed the latter document as a motion to amend the Complaint and attached Plaintiff's proposed amended complaint [Docs. 17; 17-1].  On June 6, 2025, Defendant filed a response in opposition to the motion to amend the Complaint.  [Doc. 19.]

## BACKGROUND

This is Plaintiff's third case against Defendant based on the same allegations related to the adjudication of a workers' compensation claim Plaintiff filed with Defendant concerning a work-related injury Plaintiff's wife sustained before her death.  *See Kirby v. SC State Accident Fund*, No. 3:23-00659-JDA ("*Kirby I*"), *Kirby v. South Carolina State Accident Fund*, No. 3:24-03586-JDA ("*Kirby II*").

**Plaintiff's Prior Cases**

In *Kirby I*, which was filed in this Court, Plaintiff asserted a claim under 42 U.S.C. § 1983, alleging that during the adjudication of the workers' compensation claim, Defendant violated Plaintiff's and his wife's constitutional, civil, and privacy rights and HIPAA.  *Kirby I*, Doc. 1.  The Court dismissed that action with prejudice, concluding that Defendant was entitled to Eleventh Amendment immunity and Plaintiff's claims were not supported under § 1983.  *Kirby I*, Doc. 81.

In *Kirby II*, which was filed in state court and removed to this Court, Plaintiff again asserted a claim under § 1983, alleging that during the adjudication of the workers' compensation claim, Defendant violated Plaintiff's and his wife's state and federal constitutional and civil rights and statutory laws.  *Kirby II*, Doc. 1-1.  On February 11, 2025, the Court dismissed that action with prejudice for the same reasons it had dismissed

2

*Kirby I. Kirby II*, Doc. 31.  Then, on February 24, 2025, the Court amended its prior Order to dismiss the action without prejudice.[1]  *Kirby II*, Doc. 39.

**This Action**

On March 21, 2025, while the appeal in *Kirby II* was pending, Plaintiff filed this action in the Lexington County Court of Common Pleas.  [Doc. 1-1.]  Defendant removed the action to this Court on April 24, 2025.  [Doc. 1.]  Plaintiff's Complaint alleges a § 1983 claim for violations of Plaintiff's and his wife's civil and constitutional rights as well as numerous state law claims.  [Doc. 1-1.]  Plaintiff seeks damages.  [*Id.* at 9.]

## DISCUSSION

**Defendant's Motion to Dismiss**

### *Standard of Review*

With respect to Defendant's motion to dismiss, the Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error

---

[1] Plaintiff filed a Notice of Appeal in *Kirby II*, and on July 28, 2025, the Fourth Circuit Court of Appeals affirmed the *Kirby II* decision.  *Kirby II*, Docs. 35; 44; 45.

on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

### The Report

As noted, the Magistrate Judge recommends that the Court grant Defendant's motion to dismiss, dismiss Plaintiff's Complaint with prejudice, and warn Plaintiff that future attempts to bring a case based on the same facts may result in sanctions for abuse of process. [Doc. 12.] The Magistrate Judge concluded that the Complaint fails to comply with Rules 8(a) and 10 of the Federal Rules of Civil Procedure and that Plaintiff has been given multiple opportunities to bring his claims against Defendant. [*Id.* at 9–10.]

### Plaintiff's Objections and the Court's Analysis

Plaintiff's objections generally fail to engage the Magistrate Judge's analysis regarding the Complaint's compliance with the Federal Rules of Civil Procedure. [*See generally* Doc. 15.] However, the Court has gleaned one specific objection to address.

Plaintiff contends that the Court lacks jurisdiction over this case based on its rulings in *Kirby I* and *Kirby II* that Defendant was entitled to Eleventh Amendment immunity. [*Id.* at 2–6.] However, this case is a new action and, "[u]nless *the State* raises [a sovereign immunity defense], a court can ignore it." *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998) (emphasis added). Here, Defendant has not raised its entitlement to immunity and, instead, moves to dismiss the Complaint as a "shotgun pleading" that fails to comply with the Federal Rules of Civil Procedure. [Docs. 4-1; 11.] Accordingly, the Court overrules this objection.[2] *See Betts v. Rector & Visitors of Univ. of Va.,* 145 F. App'x 7,

---

[2] Additionally, courts "consider Eleventh Amendment immunity, as well as any exceptions to it, on a claim-by-claim basis." *Ernst v. Rising*, 427 F.3d 351, 368 (6th Cir. 2005) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984)). As noted, *Kirby*

4

11 (4th Cir. 2005) (concluding "that the district court was within its authority in proceeding to the merits and in not deciding the Eleventh Amendment question"); *cf. Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 187–88 (4th Cir. 2019) (declining to address state sovereign immunity and affirming the district court's decision on the merits where the state asserted its sovereign immunity conditionally).

The remainder of Plaintiff's objections fail to address the Magistrate Judge's analysis and conclusion that the Complaint fails to comply with Rules 8(a) and 10 of the Federal Rules of Civil Procedure.[3]  [*See generally* Doc. 15.]  Nevertheless, out of an abundance of caution for the pro se Plaintiff, the Court has conducted a de novo review of the Report, the record, and the applicable law.  Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference to the extent consistent with this Opinion and Order.  Accordingly, Defendant's motion to dismiss is granted.

**Plaintiff's Motion to Amend the Complaint**

As stated, Plaintiff has filed a "Notification of Voluntary Deletion of all Federal-Law Claims Related to this Case" and a motion to amend the Complaint.  [Docs. 16; 17.] Principally, Plaintiff seeks to amend his Complaint to delete the federal claims, arguing

---

*I* and *Kirby II* each asserted only a § 1983 claim.  However, the Complaint in this action asserts a § 1983 claim as well as numerous state law claims for which the Court has not conducted any analysis regarding Defendant's entitlement to Eleventh Amendment immunity.

[3] The Court notes that Plaintiff objects to the Report's references to his filing three cases against Defendant without clarifying that two of the cases were filed in state court and improperly removed.  [Doc. 15 at 2.]  However, that objection fails to address the Magistrate Judge's reasoning for recommending dismissal of this case and, even so, the Report's recitation of the factual and procedural background is accurate.

that deleting the federal claims divests this Court of jurisdiction and requires the case to be remanded. [Docs. 16; 17; *see* Doc. 17-1.]

A party may amend its pleading once before trial as a matter of course under circumstances not applicable here, Fed. R. Civ. P. 15(a)(1), and "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave," Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *see Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that leave to amend may be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.").

Here, Defendant argues that amendment would be futile because Plaintiff's proposed amended complaint, like his original Complaint, is a "shotgun pleading" that fails to comply with the rules of civil procedure.[4] [Doc. 19 at 9.] "A proposed amendment is futile when it is clearly insufficient or frivolous on its face" or when "the claim it presents

---

[4] Defendant urges the Court to review the proposed amended complaint for compliance with the South Carolina Rules of Civil Procedure. [Doc. 19 at 7.] However, the Court need not determine whether the proposed amended complaint should be analyzed for compliance with the Federal Rules of Civil Procedure or the South Carolina Rules of Civil Procedure because both sets of rules have the same pleading requirements. *Compare* Fed. R. Civ. P. 8(a) & 10(b) *with* S.C. R. Civ. P. 8(a) & 10(b).

would not survive a motion to dismiss." *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (internal quotation marks omitted).

The Court concludes that amendment would be futile because, like the original Complaint, the proposed amended complaint fails to state a claim inasmuch as it is a "shotgun pleading" that fails to comply with Rules 8 and 10. A "shotgun pleading" is "one that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading or one in which it is virtually impossible to know which allegations of fact are intended to support which claims for relief" and is prohibited by Rules 8 and 10. *Pendarvis v. Wilson*, No. 2:22-cv-03142-BHH-MHC, 2023 WL 11988175, at *3 (D.S.C. Aug. 11, 2023) (internal quotation marks omitted); *cf. Code v. adidas Am., Inc.*, No. 6:23-4997, 2024 WL 637356, at *4 (D.S.C. Jan. 11, 2024) (stating that a complaint must "connect [the] facts with the necessary elements of the claim to put a defendant on sufficient notice of the allegations asserted against him").

Plaintiff's proposed amended complaint begins by listing five purported claims: (1) "South Carolina Title 15 Chapter 78 Tort"; (2) "South Carolina Ethics violations claim Title 8 Chapter 13"; (3) "Violations of South Carolina State Laws Rules of Conduct South Carolina State Ethics Commission"; (4) "Intentional infliction of harm and injury to a South Carolina Resident Title 15 Chapter 78"; and (5) "Violations of South Carolina court regulations South Carolina Code of Laws Court Rules." [Doc. 17-1 at 2.] After listing these claims, the proposed amended complaint contains nine pages of conclusory factual allegations that do not correspond to any specific causes of action.[5] [*See generally id.* at

---

[5] Indeed, the proposed amended complaint fails to correct most of the deficiencies Defendant and the Magistrate Judge noted in the original Complaint.

7

3–11; *see, e.g.*, *id.* at 4 (alleging that "Defendants obtained confidential and protected medical records, financial information, and too many to name private and protected informa[t]ion on Mark Kirby, in spite of being told not to do same by an Administrative Law Judge"), 6 (alleging that "[a]ll of the actions by the Defendants violated multiple parts of the South Carolina State Constitution, State privacy Laws, State Agency ethics Laws, State Administrative Court Laws, State Workers' Compensation Laws (medical records) and others"), 8 (alleging that "[t]he deliberate and malicious violation of rights and illegal acts of the Defendants against Plaintiff Mark Kirby and Jane Kirby, were extraordinary egregious and have caused permanent injuries both physical and mental, to the Plaintiff Mark Kirby which greatly affected his quality of life, and that will continue for the rest of his life"), 11 (alleging that "[t]he intentional and deliberate violations of state rights and illegal acts of the defendants against the Plaintiff (s) are malicious, intentional, egregious, contrary to the State Constitution, violate multiple State statutes, State Laws[], and State Agency ethics rules".]  In short, Plaintiff's proposed amended complaint fails to adequately put Defendant on notice of which allegations of fact support which claims for relief such that Defendant may draft a responsive pleading.  Accordingly, Plaintiff's motion to amend the Complaint is denied.

**Dismissal With or Without Prejudice**

As noted, the Magistrate Judge recommends that the Court dismiss Plaintiff's Complaint with prejudice and warn Plaintiff that future attempts to bring a case out of the same facts may result in sanctions for abuse of process, including responsibility for Defendant's attorneys' fees.  [Doc. 12 at 10–11.]  In his objections, Plaintiff requests that the Court dismiss the case without prejudice.  [Doc. 15 at 7.]

The Fourth Circuit Court of Appeals has recognized that "[d]ismissing a claim with prejudice for failure to comply with Rule 8(a) tends to undermine one of the policies of the Federal Rules of Civil Procedure: facilitating a decision on the merits rather than on pleading technicalities." *North Carolina v. McGuirt*, 114 F. App'x 555, 559 (4th Cir. 2004). Nonetheless, aggravating factors may "present sufficient weight in favor of that sanction and bring it within the appropriate discretion of the district court." *Id.*

This case is Plaintiff's third attempt to bring an action against Defendant based on the same allegations. Plaintiff filed his first action in this Court on February 16, 2023, *Kirby I*, Doc. 1; his second action in state court on May 15, 2024, *Kirby II*, Doc. 1-1; and this action in state court on March 21, 2025 [Doc. 1-1]. In this action, the Magistrate Judge concluded that the Complaint fails to comply with Rules 8 and 10 [Doc. 12], and Plaintiff has submitted a proposed amended complaint—his fourth drafted complaint related to the same allegations—that again fails to comply with the Rules of Civil Procedure. Indeed, much of Plaintiff's proposed amended complaint repeats almost verbatim the allegations in his original Complaint, merely omitting all references to federal law [*compare* Doc. 1-1 *with* Doc. 17-1], and it appears that the proposed amended complaint is an attempt to have the case remanded to state court rather than an attempt to correct the deficiencies noted by the Magistrate Judge. As was the case in *McGuirt*, the Court has "seen no evidence in the record that would indicate that if [Plaintiff] were given further opportunities, [he] would be able to correct the deficiencies" in his other complaints.[6] *McGuirt*, 114 F. App'x at 560. And Defendant has spent time and expense

---

[6] The Court notes that, despite the Court's ruling that Defendant is not a "person" under § 1983, *Kirby I,* Doc. 81 at 6–7, Plaintiff filed a second § 1983 action against Defendant, *Kirby II*, Doc. 1-1. Then, despite the Court's ruling again that Defendant is not a "person"

responding to each of Plaintiff's failed attempts to bring his claims. Accordingly, the Court agrees with the Magistrate Judge's recommendation and dismisses this action with prejudice. *See Kuehl v. FDIC*, 8 F.3d 905, 909 (1st Cir. 1993) (affirming dismissal with prejudice where plaintiffs had been given the opportunity to comply with Rule 8 but failed to do so, and noting "[i]n some circumstances if a party fails or refuses to file an amended and simplified pleading or does not exercise good faith in purporting to do so, the severe sanction of a dismissal on the merits may be warranted" (internal quotation marks omitted)).

## CONCLUSION

Based upon the foregoing, Defendant's motion to dismiss [Doc. 4] is GRANTED, Plaintiff's motion to amend the Complaint [Doc. 17] is DENIED, and this action is DISMISSED with prejudice. Plaintiff is specifically warned that future attempts to bring a case out of the same facts may result in sanctions for abuse of process, including responsibility for Defendant's attorneys' fees.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

March 12, 2026
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

under § 1983, *Kirby II*, Doc. 31 at 2–3, Plaintiff filed a third § 1983 action against Defendant [Doc. 1-1]. Plaintiff's repeated attempts to bring a § 1983 claim against Defendant after the Court concluded that Defendant is not a "person" under § 1983 demonstrates that Plaintiff is unable and/or unwilling to abide by the Court's rulings to correct identified deficiencies in his pleadings.

10